UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

WENDALL HALL,

      Plaintiff,

v.                            Case No. 2:20-cv-380-JES-MRM

CHAD POPPELL, DONALD SAWYER,
ELIZABETH PORFERT, PATRICK
MCCAWLEY, and JON CARNER,

      Defendants.

_____

## OPINION AND ORDER

This cause is before the Court on consideration of the following:

> Plaintiff's Motion for Sanctions for Failure to Serve (Doc. 32, filed Feb. 26, 2021);

> Plaintiff's Motion for the Marshal to Serve Defendant Chad Poppell (Doc. 33, filed Feb. 26, 2021);

> Defendants Donald Sawyer, Elizabeth Porfert; Patrick McCawley, and Jon Carner's Motion to Dismiss Plaintiff's Amended Complaint (Doc. 35, filed March 29, 2021);

> Plaintiff's Response in Opposition to Defendants Donald Sawyer, Elizabeth Porfert; Patrick McCawley, and Jon Carner's Motion to Dismiss Plaintiff's Amended Complaint (Doc. 36, filed April 8, 2021);

> Plaintiff's Motion for Default Judgment against Defendant Poppell (Doc. 38, filed April 21, 2021); and

> Plaintiff's Motion to Compel Discovery (Doc. 40, filed May 14, 2021).

1

For the reasons given in this Order, the defendants' motion to dismiss Plaintiff's amended complaint is granted in part and denied in part. All claims against Defendant Sawyer are dismissed for failure to state a claim upon which relief may be granted. All retaliation claims against Defendants Porfert, McCawley, and Carner are dismissed without prejudice to Plaintiff filing the retaliation claims in a new action if Plaintiff's disciplinary reports are overturned. The motion is denied as to Plaintiff's procedural due process claims against Defendants Porfert, McCawley, and Carner, and these defendants shall file an answer to Plaintiff's amended complaint within twenty-one days from the date of this Order.

On its own motion, the Court dismisses Defendant Secretary Chad Poppell from this action for Plaintiff's failure to state a claim on which relief may be granted.

## I.   Procedural History and Pleadings

Plaintiff initiated this action on May 26, 2020 by filing a pro se civil rights complaint under 42 U.S.C. § 1983. (Doc. 1). Plaintiff's amended complaint (Doc. 9) is the operative pleading before the Court.

Plaintiff is civilly committed to the Florida Civil Commitment Center ("FCCC") under the Sexually Violent Predators

Act ("SVPA").  Fla. Stat. §§ 394.910–.913.[1]  He was committed on October 18, 2019 and was diagnosed with "a mental abnormality, personality disorder, and lack of volitional control and an exhibitionist mental disorder or an exhibitioners disorder (masturbation disorder), suicide ideation, and depression."  (Doc. 9 at ¶ 21).

Liberally construing his amended complaint, Plaintiff raises claims against Department of Children and Family Services Secretary Chad Poppell[2] and FCCC Director Donald Sawyer because the FCCC has an unconstitutional policy that punishes residents who violate institutional rules.  (Doc. 9 at 3).  Plaintiff raises claims against FCCC Security Chief Jon Carner and FCCC Clinicians Patrick McCawley and Elizabeth Porfert for retaliating against him for filing lawsuits and grievances.  (Id.)  Finally, Plaintiff argues that Defendants Carner, McCawley, and Porfert violated procedural due process by failing to provide advance written notice

---

[1] Under the SVPA, a person found to be a sexually violent predator must be housed in a secure facility "for control, care, treatment, and rehabilitation of criminal offenders, until such time as the person's mental abnormality or personality disorder has so changed that it is safe for the person to be at large." Fla. Stat. § 394.917(2).

[2] The Court takes notice that, Shevaun Harris is now the Secretary of the Department of Children and Families. See https://www.myflfamilies.com/about-us/office-secretary/ However, because Chad Poppell, the former Secretary, is dismissed from the action, the Court will not direct the Clerk to change the name of the defendant.

of disciplinary charges against him or an opportunity for him to present witnesses at his hearing on the charges.  (Id.)

Plaintiff claims that the FCCC uses a disciplinary confinement procedure (PRG-11) similar to that of the Florida Department of Corrections (FDOC), "with similar rules and penalties for violations thereof." (Doc. 9 at ¶ 3).  He asserts that Defendant Donald Sawyer "created and implemented PRG-11." (Id. at ¶ 7).

Plaintiff describes the FCCC's progressive disciplinary system (PRG-11) as calling for a disciplinary report followed by placement in lockdown status, and "retribution" for the rule infraction.  (Doc. 9 at ¶ 16).  He contrasts this system with the regressive discipline "delineated in CF Operating Procedure 1455-20." (Id. at ¶ 17).  Plaintiff urges that in a "regressive disciplinary system the resident receives an incident report and is placed on time out, temporary restraint, or temporary seclusion and a mental health professional immediately evaluates the resident to determine if it's safe to release him from said status." (Id.)  Plaintiff argues that the Florida statutes require Defendant Poppell to "exercise executive and administrative supervision" over the FCCC and that the services rendered at the FCCC are governed by both the Baker Act and the SVPA. (Id. at ¶¶ 8, 9).

Plaintiff asserts that PRG-11 was wrongfully used to "punish" him at the FCCC on two occasions.[3]  First, on May 1, 2020, Defendant Porfert wrote a disciplinary report against Plaintiff for a lewd and lascivious act (masturbating).  (Doc. 9 at ¶ 22).  Plaintiff alleges that Defendant Porfert could not have seen Plaintiff's hands or penis, as they were hidden behind the bathroom stall door.  (Id.)  He asserts that the disciplinary report was in retaliation for filing grievances and lawsuits against Defendant Porfert and her friends.  (Id.)

Next, on May 4, 2020, Plaintiff was on suicide observation status in an isolation cell.  (Doc. 9 at ¶ 24).  Defendant McCawley wrote a disciplinary report against Plaintiff for "disrespect or violation of institutional rules or verbal assault[.]"  (Id.) Plaintiff asserts that the disciplinary report was false and made in retaliation for Plaintiff's lawsuits against "Ms. Salema and Donald Sawyer."  (Id.)

On May 14, 2020, Defendant Carner found Plaintiff guilty of both disciplinary reports and placed him on secure management. (Doc. 9 at ¶ 25).  Plaintiff asserts that Defendant Carner found him guilty in retaliation for Plaintiff's grievances and lawsuits.

---

[3] Plaintiff also appears to argue that the FCCC defendants failed to comply with PRG-11 when they responded to his disciplinary infractions.  The Court will address Plaintiff's claim regarding the constitutionality pf PRG-11 separately from his claims of procedural due process and retribution.

5

(Id.)  Plaintiff asserts that he did not receive a copy of either disciplinary report and was denied an opportunity to obtain witnesses or witness statements in his defense.  (Id. at ¶ 26).

Plaintiff seeks five million dollars in damages, a permanent injunction disallowing the FCCC from "issuing and writing disciplinary reports against" any FCCC resident, and a permanent injunction, forcing the FCCC to use other disciplinary procedures. (Doc. 9 at 11).  He also asks that the Court expunge all of his disciplinary reports and "release him from secure management and wing restriction and confinements."  (Id.)

The FCCC defendants filed a motion to dismiss the complaint, arguing that FCCC staff are best equipped to make decisions regarding the administration of the facility and that "plaintiff is improperly attempting to challenge the rule making authority of the staff at the Florida Civil Commitment Center."  (Doc. 35 at 6-8).  The defendants also argue that Plaintiff's retaliation claims are "without any factual basis to support his conclusory allegations." (Id. at 8).

## II.  Standards of Review

### A. Motions to Dismiss

On a motion to dismiss, this Court accepts as true all the plausible factual allegations in the complaint and construes them in the light most favorable to the plaintiff.  Jackson v. BellSouth Telecomms., 372 F.3d 1250, 1262-63 (11th Cir. 2004).  Further,

this Court favors the plaintiff with all reasonable inferences from the allegations in the complaint.  Stephens v. Dep't of Health & Human Servs., 901 F.2d 1571, 1573 (11th Cir. 1990) ("On a motion to dismiss, the facts stated in [the] complaint and all reasonable inferences therefrom are taken as true.")  However, the Supreme Court has explained that factual allegations must be more than speculative as follows:

> While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a right to relief above the speculative level.

Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (internal citations and quotation marks omitted).  Further, courts are not "bound to accept as true a legal conclusion couched as a factual allegation."  Papasan v. Allain, 478 U.S. 265, 286 (1986).

In Ashcroft v. Iqbal, 556 U.S. 662 (2009), the Supreme Court, referring to its earlier decision in Twombly, set forth a two-pronged approach to evaluating motions to dismiss.  First, a reviewing court must determine whether a plaintiff's allegation is merely an unsupported legal conclusion that is not entitled to an assumption of truth.  Next, the court must determine whether the complaint's factual allegations state a claim for relief that is plausible on its face.  Iqbal, 556 U.S. at 679.  Evaluating a

7

complaint under Rule 12(b)(6) is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Id.

## B.   28 U.S.C. § 1915

A federal district court is required to review a civil complaint filed in forma pauperis and to dismiss any such complaint that is frivolous, malicious, or fails to state a claim upon which relief may be granted.  28 U.S.C. § 1915.  Section 1915(e)(2) is a screening process to be applied on the Court's initiative at any time during the proceeding.

Dismissals under 28 U.S.C. § 1915(e)(2)(ii) for failure to state a claim are governed by the same standard as Rule 12(b)(6) of the Federal Rules of Civil Procedure.  Mitchell v. Farcass, 112 F.3d 1483, 1485 (11th Cir. 1997).

### III. Discussion

#### A.   Plaintiff has not stated a claim against Defendants Chad Poppell or Donald Sawyer.

The Court first considers whether Plaintiff has stated a plausible claim against the Secretary of the Department of Children and Families or FCCC Director Sawyer based upon the promulgation and use of policy PRG-11 in disciplinary proceedings.

In Hall v. Poppell, No. 2:19-cv-878-FtM-38NPM, 2020 WL 814001 (M.D. Fla. Feb. 19, 2020) ("Hall I"), Plaintiff filed a virtually identical lawsuit against Defendant Poppell in which he claimed

that he received a disciplinary report under PRG-11 for refusing to stop moving his legs while sitting after being warned to stop. Id. at *1. Plaintiff argued that his due process rights were violated because the FCCC used a similar method of addressing disciplinary infractions as the FDOC, and, because a prison is per se punitive, use of this procedure at the FCCC was also per se punitive and violated his constitutional rights. Id. The Court concluded that Plaintiff had failed to state a plausible claim under section 1983 and dismissed the complaint on initial screening:

> Due process requires that the conditions of confinement of a non-prisoner not amount to punishment. See Bell v. Wolfish, 441 U.S. 520, 535 (1979). Whether a condition of confinement amounts to "punishment" depends on whether the challenged condition is imposed for punishment or whether it is incident to some other legitimate government purpose. Id. at 50 [sic], 535, 538 n. 16. Although not a prisoner, sexually violent predators, like other civil detainees, are unquestionably subject to security measures like those employed by corrections officials. See id. at 540; see also Allen v. Illinois, 478 U.S. 364, 373-74 (1986) (detainees may "be subjected to conditions that advance goals such as preventing escape and assuring the safety of others, even though they may not be punished."). Other than Hall's conclusory allegation that PRG-11 is punitive, the Amended Complaint is devoid of factual allegations from which the Court can plausibly construe that PRF-11 is intended to punish Hall.
>
> Further, Hall's argument that his status should be compared to mentally ill individuals

committed under the Baker Act is similarly
unpersuasive.      The state legislature
expressly recognized that commitment under the
Baker Act was "inappropriate" for individuals
sought to be committed under the SVPA.
Significantly, in its statement of "findings
and intent," the state legislature said that
the SVPA was aimed at "a small but extremely
dangerous number of sexually violent predators
. . . who do not have a mental disease or
defect that renders them appropriate for
involuntary treatment under the Baker Act (§§
394.451–394.4789, Fla. Stat.)"   § 94.910,
FLA. STAT. (2000); see also Westerheide v.
State, 831 So. 2d 93, 112 (Fla. 2002)
(rejecting plaintiff's equal protection
argument on the basis, inter alia, that it
"rests on the false premise that individuals
subject to commitment under the [SVPA] are
similarly situated to mentally ill persons
committed under the Baker Act.").   See also
Kansas v. Hendricks, 521 U.S. 346, 358 (1997)
("we have sustained civil commitment statutes
when they have coupled proof of dangerousness
with the proof of some additional factor such
as mental illness or mental abnormality")
(internal quotations omitted).   Thus, Hall's
status as [a] civilly committed person under
the SVPA is not analogous to a person
committed under the Baker Act.

(Hall I at *2–3).  As in Hall I, Plaintiff again argues that PRG-
11 is designed to punish residents for the objectionable behavior
they engage in while confined at the FCCC and is, therefore, per
se unconstitutional.  (Doc. 9 at 7).

Plaintiff attached a copy of PRG-11 to his response to the
defendants' motion to dismiss.  (Doc. 36-1 at 13).  The stated
purpose of PRG-11 is as follows:

The purpose of this policy is to provide a
process to maintain a safe and orderly

> environment for residents and staff by
> establishing facility rules and guidelines to
> reflect what behavior is expected from the
> resident population.   It is necessary for
> facility staff to have a system in place to
> manage resident behavior by imposing
> corrective measures on those residents whose
> behavior is not in compliance with facility
> rules while offering additional privileges to
> residents who maintain appropriate behavior.
> The behavior management system is intended to
> modify maladaptive behavior, promote safety
> and security, encourage the acceptance of
> responsibility for one's actions, and
> positively influence the future decision
> making abilities of residents.  When safe and
> appropriate, resident behavior shall be
> managed by progressive corrective measures.

(Id.)  Notably, the stated purpose of PRG-11 is to maintain security and control over resident behavior, not to punish the residents for their past behavior.  Plaintiff appears to suggest that FCCC residents should suffer no repercussions from engaging in disruptive behavior while at the FCCC.  However, that would not provide a safe environment at the facility and is contrary to the SVPA's purpose of ensuring "long-term mental health treatment for sexual predators and protection of the public from them[.]" Westerheide v. State, 831 So. 2d 93, 104 (2002).

Because the Court cannot plausibly construe PRG-11 as punishing the FCCC residents for being sexually violent predators (as opposed to violating rules), the policy does not violate Plaintiff's due process rights.  The Court adopts the reasoning from Hall I, and any claims against Defendant Secretary Poppell or

11

Defendant Sawyer based upon PRG-11 are dismissed under 28 U.S.C. § 1915(e)(2)(B)(ii).[4]

Because Plaintiff makes no other plausible factual allegations against either of these defendants, they are dismissed from this action for Plaintiff's failure to state a claim against them on which relief may be granted. Fed. R. Civ. P. 12(b)(6); 28 U.S.C. § 1915(e)(2)(B)(ii).

> **B. Plaintiff will be allowed to develop his procedural due process claims against Defendants Porfert, McCawley, and Carner.**

Plaintiff alleges that all disciplinary report charges against him were false and made in retaliation for Plaintiff filing grievances and lawsuits against the accusers' friends. (Doc. 9 at ¶¶ 22, 24). Plaintiff also asserts that no staff member delivered a copy of either disciplinary report to him or provided him with notice of the charges and that he was not allowed to obtain witnesses in his defense. (Id. at ¶ 26). The defendants did not address Plaintiff's procedural due process claims in their motion to dismiss.

---

[4] Notably, this issue has already been extensively litigated in this Court, not only in Hall I, but in similar complaints filed by other FCCC residents, with the same outcomes. See, e.g., Vega v. Kapusta, No. 2:19-cv-717-FtM-29MRM, 2020 WL 836274 (M.D. Fla. Feb. 20, 2020); Wagner v. Poppell, No. 2:19-cv-810-FtM-38MRM, 2020 WL 871102 (M.D. Fla. Feb. 21, 2020); Scott v. Poppell, No. 2:20-cv-4-FtM-38MRM, 2020 WL 6746255 (M.D. Fla. Nov. 17, 2020).

The filing of a false disciplinary charge, standing alone, does not state a constitutional claim. The Constitution requires only that the plaintiff be afforded due process at the institutional hearing (on the allegedly false charge), which represents the plaintiff's opportunity to expose falsities or inaccuracies. See Freeman v. Rideout, 808 F.2d 949, 952 (2d Cir. 1986) (recognizing that the protections from actions such as false disciplinary reports are found in "the procedural due process requirements as set forth in Wolff v. McDonnell").

In Wolff v. McDonnell, 418 U.S. 539 (1974), the United States Supreme Court described the minimum due process requirements for prisoners who receive discipline that results in the loss of good-time credits or the imposition of solitary confinement.[5]   These

---

[5] The Court recognizes that Plaintiff is not a prisoner. The Supreme Court has concluded that, as a general rule, civil detainees are "entitled to more considerate treatment and conditions of confinement than criminals whose conditions of confinement are designed to punish." Youngberg v. Romeo, 457 U.S. 307, 322 (1982). Indeed, the involuntarily civilly committed have liberty interests under the due process clause of the Fourteenth Amendment to reasonably safe conditions of confinement, freedom from unreasonable bodily restraints, and such minimally adequate training as might be required to ensure safety and freedom from restraint. Id. The Eleventh Circuit similarly has held that "Youngberg establishes that the due process rights of the involuntarily civilly committed are at least as extensive as the Eighth Amendment rights of the criminally institutionalized, and therefore, relevant case law in the Eighth Amendment context also serves to set forth the contours of the due process rights of the civilly committed." Lavender v. Kearney, 206 F. App'x 860, 863 (11th Cir. 2006) (quoting Dolihite v. Maughon, 74 F.3d 1027, 1041 (11th Cir. 1996) (quotation marks omitted)). Therefore, the case law that has developed under the Eighth Amendment also sets forth

protections include advance written notice of the charges, adequate time to prepare a defense, an opportunity to present witnesses and evidence, and a written statement by the factfinder explaining the reasons for the decision.  Id.  In addition, the decision-maker must be sufficiently impartial so as not to present "a hazard of arbitrary decisionmaking."  Id. at 571. Moreover, "the requirements of due process are satisfied if some evidence supports the decision by the prison disciplinary board [to impose a penalty.]"  Superintendent, Mass. Corr. Inst. v. Hill, 472 U.S. 445, 455 (1985).

Even a defendant's failure to comply with these procedural protections does not automatically give rise to a due process claim.  The Supreme Court has explained that Wolff due process claims are limited to situations where a defendant's actions caused an "atypical significant deprivation" in which a State might conceivably have created a liberty interest.  See Sandin v. Conner, 515 U.S. 472, 486 (1995).  In other words, a defendant's failure to follow each Wolff procedural requirement violates the Constitution only when the failure resulted in the deprivation of the plaintiff's interest in life, liberty, or property.  Wilkinson v. Austin, 545 U.S. 209, 221 (2005) ("The 14th Amendment's Due Process Clause protects persons against deprivations of life,

---

the contours of the due process rights of the civilly committed. Id.

14

liberty, or property; and those who seek to invoke its procedural protection must establish that one of these interests is at stake.")

Plaintiff urges that the disciplinary reports resulted in sixty days' confinement and wing restriction. (Doc. 9 at ¶ 27).[6] Generally, short periods of disciplinary confinement do not constitute a protected liberty interest. See Sandin, 515 U.S. at 486 (concluding that thirty days of disciplinary confinement did not give rise to a protected liberty interest); Rodgers v. Singletary, 142 F.3d 1252, 1253 (11th Cir. 1998) (concluding that two months in administrative confinement did not constitute a deprivation of a constitutionally protected liberty interest). However, at this stage of litigation, and because the actual restrictions imposed by "confinement and wing restriction" are unclear, Plaintiff will be allowed to develop his claim of inadequate procedural due process in his disciplinary proceedings.

---

[6] Plaintiff also speculates that the discipline reports could be used in the future to deny his release from the FCCC. (Doc. 9 at ¶ 27). However, this is not the type of liberty interested protected by, and requiring, a Wolff-style hearing. See Sandin, 515 U.S. at 487 ("[T]he chance that a finding of misconduct [in prison] will alter the balance [in a parole hearing] is simply too attenuated to invoke the procedural guarantees of the Due Process Clause").

**C.  Plaintiff has not stated retaliation claims against
Defendants Porfert, McCawley, or Carner.**

Finally, the defendants assert that Plaintiff's retaliation claims "contain conclusory allegations of retaliatory motives without any factual basis to support his conclusory allegations." (Doc. 35 at 8).  The Court agrees.  Plaintiff urges that Defendant Porfert accused him of masturbating while looking at her "to retaliate against Plaintiff for filing grievances against her and for filing a lawsuit." (Doc. 9 at ¶ 22).  He asserts that Defendant McCawley "falsely accus[ed] Plaintiff of making cursing and disrespectful statements about staff members, who were not present at the time, to retaliate against Plaintiff for filing lawsuits against Ms. Salema and Donald Sawyer." (Id. at ¶ 24). He asserts that Defendant Carner found Plaintiff guilty of the disciplinary reports "to retaliate against Plaintiff for filing grievances against his friend or girlfriend Ms. Porfert and for filing lawsuits against his friends Donald Sawyer and Emily Salema." (Id. at ¶ 25).  These conclusory statements about the defendants' retaliatory motives do not raise this claim above the speculative level.  See Smith v. Fla. Dep't of Corr., 375 F. App'x 905, 911 (11th Cir. 2010) (noting that "conclusory allegations are not entitled to a presumption of truth") (citing Iqbal, 129 U.S. at 1951).

16

Moreover, Plaintiff cannot maintain a First Amendment retaliation claim if he "is found guilty of an actual disciplinary infraction after being afforded due process *and* there was evidence to support the disciplinary panel's fact finding[.]" O'Bryant v. Finch, 637 F.3d 1207, 1215 (11th Cir. 2011) (emphasis in original). This is because a determination of whether the disciplinary report made a false accusation is a question of fact that is decided by the disciplinary panel. Id. Plaintiff was found guilty of the actual disciplinary infractions at issue. And, while Plaintiff challenges the due process provided at his hearing, his retaliation claims are premature because the reports have not been overturned. Plaintiff will be allowed to develop his First Amendment retaliation claims if (and after) the disciplinary reports are overturned.

Accordingly, although the conclusory retaliation claims are dismissed for failure to state a claim on which relief can be granted, the dismissal is without prejudice to Plaintiff re-raising supported claims of retaliation in a new complaint if the disciplinary reports are overturned.

### IV.  Conclusions

Accordingly, it is now **ORDERED**:

1.  Defendants Jon Carner, Patrick McCawley, Elizabeth Porfert, and Donald Sawyer's Motion to Dismiss (Doc. 35) is **GRANTED in part and DENIED in part.**

17

     a. The motion is **GRANTED** as to Defendant Sawyer.  All claims against Defendant Sawyer are dismissed with prejudice for failure to state a claim on which relief can be granted.  Fed. R. Civ. P. 12(b)(6).  The **Clerk of Court** is directed to terminate Donald Sawyer as a defendant in this action.

     b. The motion is **GRANTED** as to Plaintiff's First Amendment retaliation claims.  All retaliation claims are dismissed for failure to state a claim on which relief can be granted.  Fed R. Civ. P. 12(b)(6).  The dismissal is without prejudice to Plaintiff raising retaliation claims in a new action if his disciplinary reports are overturned.

     c. The motion is **DENIED** as to Plaintiff's procedural due process claims against Defendants Carner, McCawley, and Porfert.

2. Plaintiff's claims against Defendant Secretary Poppell are **DISMISSED** for failure to state a claim upon which relief can be granted.  28 U.S.C. § 1915(e)(2)(B)(ii).  The **Clerk of Court** is directed to terminate Secretary Poppell as a defendant in this action.

3. Because there are no remaining claims against Defendant Poppell, Plaintiff's Motion to Serve Defendant Poppell

(Doc. 33) and Motion for Default Judgment against Defendant Poppell (Doc. 38) are **DENIED as moot.**

4.  Plaintiff's Motion for Sanctions for Failure to Serve the FCCC Plaintiffs (Doc. 32) is **DENIED as moot.**

5.  Plaintiff's Motion to Compel Discovery (Doc. 40) is **DENIED** as premature.  The defendants' Motion to Strike Plaintiff's Interrogatories (Doc. 39) is **GRANTED.**

6.  Plaintiff's Motion for Ruling (44) is **GRANTED** to the extent set forth in this Order.

7.  Defendants Carner, McCawley, and Porfert shall file an answer to the remaining claims against them within **TWENTY-ONE (21) DAYS** from the date of this Order.

**DONE AND ORDERED** in Fort Myers, Florida on August 13, 2021.

_____
JOHN E. STEELE
SENIOR UNITED STATES DISTRICT JUDGE


SA:  FTMP-2

Copies furnished to:
Counsel of Record
Unrepresented Parties